IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**NST Global, LLC, d/b/a SB Tactical**

                Plaintiff,

v.

**Ewer Enterprises, LLC, d/b/a Shockwave Technologies; and Martin Ewer, an individual, et al.**

                Defendant.

Case No. 8:15-cv-00935-JDW-MAP

## ANSWER BY EWER ENTERPRISES, LLC AND MARTIN EWER

Defendant Ewer Enterprises, LLC ("EE LLC") and Martin Ewer ("Ewer"), through undersigned trial counsel, answer the Complaint as follows:

### NATURE OF THE ACTION

Defendant EE LLC and Defendant Ewer admit that Plaintiff alleges patent infringement, trademark infringement, and unfair competition, otherwise denied.

### PARTIES

1. Defendant EE LLC and Defendant Ewer are without knowledge or information sufficient to admit or deny the allegations in paragraph 1 and therefore deny the allegations therein.

2. Defendant Ewer Enterprises admits that it is a Utah LLC with a principal place of business of 2491 E 2860 S. Salt Lake City, UT 84109. Defendant EE LLC and Defendant Ewer deny the remainder of the allegations in paragraph 2.

3. Defendant EE LLC and Defendant Ewer are without knowledge or information sufficient to admit or deny the allegations in paragraph 3 and therefore deny the allegations

1

therein.

4. Defendant EE LLC and Defendant Ewer are without knowledge or information sufficient to admit or deny the allegations in paragraph 4 and therefore deny the allegations therein.

5. Defendant Ewer admits that he is an individual, a citizen of the United States, and a resident of Salt Lake City, Utah. Defendant EE LLC and Defendant Ewer deny the remainder of the allegations in paragraph 5.

6. Defendant Ewer admits he is the owner of Ewer Enterprises. Defendant EE LLC and Defendant Ewer deny the remainder of the allegations in paragraph 6.

7. Defendant EE LLC and Defendant Ewer deny the allegations of Paragraph 7.

## JURISDICTION AND VENUE

8. Defendant EE LLC and Defendant Ewer admit for the purpose of jurisdiction that Plaintiff alleges: (a) a claim for patent infringement arising under the patent laws of the United States; (b) a claim for trademark infringement arising under the trademark laws of the United States; and (c) a common law claim for unfair competition. Defendant EE LLC and Defendant Ewer are otherwise without knowledge or information sufficient to admit or deny the allegations in paragraph 8 and therefore deny the allegations

9. Defendant EE LLC and Defendant Ewer admit personal jurisdiction is appropriate under 35 U.S.C. § 271. Defendant EE LLC and Defendant Ewer are otherwise without knowledge or information sufficient to admit or deny the allegations in Paragraph 9 and therefore deny the allegations therein.

10. Defendant EE LLC and Defendant Ewer admit that under 28 US.C. § 1391, venue is

proper in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. Defendant EE LLC and Defendant Ewer are otherwise without knowledge or information sufficient to admit or deny the allegations in Paragraph 10 and therefore deny the allegations therein.

### GENERAL ALLEGATIONS

11. Defendant EE LLC and Defendant Ewer are without knowledge or information sufficient to admit or deny the allegations in paragraph 11 and therefore deny the allegations therein.

12. Defendant EE LLC and Defendant Ewer are without knowledge or information sufficient to admit or deny the allegations in paragraph 12 and therefore deny the allegations therein.

13. Defendant EE LLC and Defendant Ewer are without knowledge or information sufficient to admit or deny the allegations in paragraph 13 and therefore deny the allegations therein.

14. Defendant EE LLC and Defendant Ewer admit that U.S. Pat. No. D706,896 ('D896 patent) was issued by the United States Patent and Trademark Office. Defendant EE LLC and Defendant Ewer deny the remainder of the allegations in paragraph 14.

15. Defendant EE LLC admits to selling a product under the name *Shockwave Blade Pistol Stabilizer*. Defendant EE LLC denies the remainder of the allegations in paragraph 15. Defendant Ewer denies the allegations in paragraph 15.

16. Defendant EE LLC and Defendant Ewer are without knowledge or information sufficient to admit or deny the allegations in paragraph 16 and therefore deny the allegations

therein.

17. Defendant EE LLC and Defendant Ewer are without knowledge or information sufficient to admit or deny the allegations in paragraph 17 and therefore deny the allegations therein.

**FIRST CLAIM FOR RELIEF**
*(Infringement of the 'D896 Patent)*

18. Defendant EE LLC and Defendant Ewer reassert and incorporate by reference all responses above. To the extent any allegations are deemed to remain in paragraph 18, Defendant EE LLC and Defendant Ewer deny the remaining allegations.

19. Defendant EE LLC and Defendant Ewer admit that U.S. Pat. No. D706,896 ('D896 patent) titled *Forearm-gripping stabilizing attachment* was issued by the United States Patent and Trademark Office on June 10, 2014. Defendant EE LLC and Defendant Ewer admit that a copy of the 'D896 patent was attached as to the Complaint (Dkt. 1) as Exhibit A. Otherwise Defendant EE LLC and Defendant Ewer are without knowledge or information sufficient to admit or deny the allegations in paragraph 19 and therefore deny the allegations therein.

20. Defendant EE LLC and Defendant Ewer deny the allegations of paragraph 20.

21. Defendant EE LLC and Defendant Ewer deny the allegations of paragraph 21. A side by side comparison reveals that, in the eye of the ordinary observer, Defendant EE LLC's product is not substantially similar to the 'D896 patent. A comparison appears in Exhibit A.

22. Defendant EE LLC admits to selling a product under the name *Shockwave Blade Pistol Stabilizer*. Defendant EE LLC denies the remainder of the allegations in paragraph 22. Defendant Ewer denies the allegations in paragraph 22.

23. Defendant EE LLC and Defendant Ewer deny the allegations of paragraph 23.

4

24. Defendant EE LLC and Defendant Ewer deny the allegations of paragraph 24.

25. Defendant EE LLC and Defendant Ewer deny the allegations of paragraph 25.

**SECOND CLAIM FOR RELIEF**

*(Violation of Section 43(a) of the Lanham Act; 15 U.S.C. § 1125(a))*

26. Defendant EE LLC and Defendant Ewer reassert and incorporate by reference all responses above. To the extent any allegations are deemed to remain in paragraph 26, Defendant EE LLC and Defendant Ewer deny the remaining allegations.

27. Defendant EE LLC admits to posting commentary on the Shockwave Technology website, http://shockwavetechnologies.com/, on January 21, 2015, that includes the following statement: "Press Release: Shockwave Responds to BATFE Open Letter on Sig Braces - Salt Lake City, UT (January 21, 2015)—Shockwave Technologies has issued the following statement about the BATFE open letter on Sig braces. The January 16, 2015 BATFE open letter, OPEN LETTER ON THE REDESIGN OF 'STABILIZING BRACES,' is limited to the SB Tactical product line and does not affect Shockwave Technologies products. As confirmed in a letter by BATFE's Firearms Technology Industry Services Branch dated December 15, 2014, the Shockwave Technologies Blade pistol stabilizer is legal to purchase, legal to own, legal to install, and legal to use on a pistol." Defendant EE LLC denies the remainder of the allegations in paragraph 27. Defendant Ewer denies the allegations in paragraph 27.

28. Defendant EE LLC and Defendant Ewer deny the allegations of paragraph 28.

29. Defendant EE LLC and Defendant Ewer are without knowledge or information sufficient to admit or deny the allegation of SB Tactical's product line being legal to purchase, legal to own, legal to install, and legal to use on a pistol, and therefore deny the allegations

therein. Defendant EE LLC and Defendant Ewer deny the remainder of the allegations in paragraph 29.

30. Defendant EE LLC and Defendant Ewer deny the allegations of Paragraph 30.

31. Defendant EE LLC and Defendant Ewer deny the allegations of Paragraph 31.

32. Defendant EE LLC and Defendant Ewer deny the allegations of paragraph 32.

### THIRD CLAIM FOR RELIEF
*(Common Law Unfair Competition)*

33. Defendant EE LLC and Defendant Ewer reassert and incorporate by reference all responses above. To the extent any allegations are deemed to remain in paragraph 33, Defendant EE LLC and Defendant Ewer deny the remaining allegations.

34. Defendant EE LLC and Defendant Ewer reassert reply to paragraph 27. To the extent any allegations are deemed to remain in paragraph 34, Defendant EE LLC and Defendant Ewer deny the remaining allegations.

35. Defendant EE LLC and Defendant Ewer deny the allegations of paragraph 35.

36. Defendant EE LLC and Defendant Ewer are without knowledge or information sufficient to admit or deny the allegation of SB Tactical's product line being legal to purchase, legal to own, legal to install, and legal to use on a pistol, and therefore deny the allegations therein. Defendant EE LLC and Defendant Ewer deny the remainder of the allegations in paragraph 36.

37. Defendant EE LLC and Defendant Ewer deny the allegations of paragraph 37.

38. Defendant EE LLC and Defendant Ewer deny the allegations of paragraph 38.

39. Defendant EE LLC and Defendant Ewer deny the allegations of Paragraph 39.

40. Defendant EE LLC and Defendant Ewer deny the allegations of paragraph 40.

41.     Defendant EE LLC and Defendant Ewer deny the allegations of paragraph 41.

(remainder of page intentionally blank)

## PRAYER FOR RELIEF

WHEREFORE, Defendant EE LLC and Defendant Ewer, pray for relief as follows:

a) A judgment that Defendant EE LLC and Defendant Ewer have not infringed the 'D896 Patent;

b) An order and judgment denying Plaintiff preliminary and permanent injunctions;

c) A judgment denying Plaintiff patent damages;

d) A judgment denying Plaintiff increased damages;

e) A judgment finding that Defendant EE LLC and Defendant Ewer have not violated 15 U.S.C. § 1125(a);

f) A judgment denying SB Tactical damages and attorney fees under the Lanham Act damages;

g) A judgment finding that Defendant EE LLC and Defendant Ewer did not violate Florida's common law of unfair competition;

h) A judgment denying SB Tactical compensatory damages under Florida's common law of unfair competition;

i) An order and judgment denying Plaintiff preliminary and permanent injunctions;

j) An order and judgment denying Plaintiff preliminary and permanent injunctions;

k) A judgment denying Plaintiff restitutionary relief;

l) A judgment denying Plaintiff cost of suit and attorneys' fees; and

m) A judgment denying Plaintiff any and all additional requested relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

*Failure to Mark*

2. Plaintiff's failure to mark products covered by the 'D896 patent pursuant to 35 U.S.C. § 287 limits the damages recoverable by the Plaintiff. No remedies for infringement under section 35 U.S.C. § 271(g) are available with respect to any product in the possession of, or in transit to, the person subject to liability under such section before that person had notice of infringement with respect to that product. The Plaintiff's failure to mark products covered by the 'D896 patent limits damages to those occurring after the filing of the complaint herein.

### THIRD AFFIRMATIVE DEFENSE

*Fair Use*

3. Any statements contained with Defendant EE LLC's Press Release that implicates Plaintiff's name or mark constitute fair use, including descriptive fair use or nominative fair use, permissible under 15 U.S.C. § 1115(b)(4) or 15 U.S.C. § 1125(c)(3).

## COUNTERCLAIM

Defendant EE LLC, through undersigned trial counsel, asserts the following counterclaim against Plaintiff NST Global and alleges as follows:

### THE PARTIES

1. Defendant Ewer Enterprises is a Utah LLC with a principal place of business of 2491 E 2860 S. Salt Lake City, UT 84109.

2. Plaintiff NST Global is a Florida LLC with a principal place of business at 1225 Darlington Oak Circle NE, St. Petersburg, FL 33703.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction under the Declaratory Judgment Act 28 U.S.C. §§ 2201-2202 and the patent laws of the United States 35 U.S.C. §§ 1331 and 1338.

4. By filing its Complaint, Plaintiff NST Global submits to personal jurisdiction in this District.

5. Venue is proper in this District under 28 U.S.C. §§ 1391(b), (c) and 1400.

## COUNTERCLAIM

*Declaratory Judgment of Non-Infringement of the 'D896 Patent*

6. Defendant EE LLC incorporates and re-alleges by this reference the allegations of paragraphs 1–5 of Defendant EE LLC's Counterclaim.

7. Upon information and belief, Plaintiff is the owner of the 'D896 patent.

8. Plaintiff contends that Defendant EE LLC infringes the 'D896 patent and therefore an actual controversy exists.

9. Defendant EE LLC does not infringe and has not infringed the 'D896 patent, either directly, contributorily, or by inducement because Defendant EE LLC, either alone or in combination with its others does not make, use, or sell a product that infringes the 'D896 patent.

10. Plaintiff has suffered no damages because Defendant EE LLC's products do not infringe the 'D896 patent.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant EE LLC prays for judgment in its favor and against Plaintiff as follows:

1. That the Court declare and adjudicate pursuant to 28 U.S.C. §§ 2201 and 2202 that

Defendant EE LLC does not infringe any valid and enforceable claim of the 'D896 patent;

2. That Plaintiff be enjoined from asserting the 'D896 patent against Defendant EE LLC and its representatives, agents, customers and/or contractors, present or prospective;

3. That Defendant EE LLC recovers from Plaintiffs all costs incurred in this action;

4. That Defendant EE LLC has and receives a trial by jury on all issues so triable;

5. That Defendant EE LLC be awarded a reasonable attorney's fee incurred in this action; and

6. That Defendant EE LLC be awarded such other and further relief as the Court may deem proper.

s/ *Justin P. Miller*
Justin P. Miller, Esq.
Fla. Bar # 84495
justin@larsonpatentlaw.com

Nathan P. Suedmeyer, Esq.
Fla. Bar # 70787
nathan@larsonpatentlaw.com

Patrick A. Reid, Esq.
Fla. Bar # 112708
patrick@larsonpatentlaw.com

Larson & Larson, P.A.
11199 69th Street
Largo, FL 33773
(727)-546-0660 tele
(727) 213-6922 fax
Trial Counsel for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2015, I electronically filed this document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all parties of record.

s/ *Justin P. Miller*
Justin P. Miller, Esq.
Fla. Bar # 84495
justin@larsonpatentlaw.com