## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| NST GLOBAL, LLC, d/b/a SB TACTICAL,<br><br>                    Plaintiff,<br><br>        vs.<br><br>EWER ENTERPRISES LLC, d/b/a<br>SHOCKWAVE TECHNOLOGIES; KAK<br>INDUSTRY LLC; MARTIN EWER, an<br>individual; and WAYNE EMOND, an<br>individual,<br><br>                    Defendants. | **Case No. 8:15-cv-00935-JDW-MAP**<br><br>**Judge James D. Whittemore** |

### FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT, FEDERAL UNFAIR COMPETITION, STATE UNFAIR COMPETITION, DECLARATORY RELIEF, BREACH OF CONTRACT, SLANDER OF TITLE, UNLAWFUL FILING OF FALSE DOCUMENTS OR RECORDS AGAINST PERSONAL PROPERTY, CONSPIRACY TO COMMIT FRAUD, AND DEMAND FOR JURY TRIAL, INJUNCTIVE RELIEF SOUGHT

Plaintiff, NST Global, LLC, d/b/a SB Tactical ("SB Tactical") complains and alleges as follows against Defendants Ewer Enterprises LLC, d/b/a Shockwave Technologies ("Shockwave"), KAK Industry LLC ("KAK"); Martin Todd Ewer ("Martin Ewer"); and Wayne Curtiss Emond ("Emond" and collectively "Defendants"):

### NATURE OF THE ACTION

This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. §§ 271, 281-285; for unfair competition under the trademark laws of the United States, 15 U.S.C. § 1125(a); for unfair competition under the common law of

Florida; for declaratory relief under the laws of the United States, 28 U.S.C. §§ 2201 and 2202; for breach of contract; for slander of title; for unlawful filing of false documents or records against personal property under the laws of Florida, Fla. Stat. § 817.535(8); and for conspiracy to commit fraud.

## PARTIES

1.     SB Tactical is a Florida limited liability company with its principal place of business at 1225 Darlington Oak Circle NE, St. Petersburg, Florida 33703.

2.     On information and belief, Shockwave is a Utah limited liability company with its principal place of business at 2491 E 2860 S, Salt Lake City, Utah 84109.

3.     On information and belief, KAK is a Missouri limited liability company with its principal place of business at 1709 NE Misty Lane, Lee's Summit, Missouri 64063.

4.     On information and belief, Martin Ewer is an individual, citizen of the United States, and a resident of Salt Lake City, Utah.

5.     On information and belief, Martin Ewer is an owner and Principal of Shockwave.

6.     On information and belief, Martin Ewer oversaw or directed the activities of Shockwave complained of herein.

7.     On information and belief, Emond is an individual, citizen of the United States, and a resident of Tampa, Florida.

2

## JURISDICTION AND VENUE

8.    This Court has subject matter jurisdiction under 15 U.S.C. § 1121 (action arising under the Lanham Act); 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1338(a) (any Act of Congress relating to patents or trademarks); 28 U.S.C. §§ 2201 and 2202 (declaratory relief related to inventorship of patent); 28 U.S.C. § 1338(b) (action asserting claim of unfair competition); and 28 U.S.C. § 1367 (supplemental jurisdiction).

9.    This Court has personal jurisdiction over the Defendants for the following reasons:

   a.   The Defendants have committed and continue to commit acts of infringement in violation of 35 U.S.C. § 271 and place infringing products into the stream of commerce, with the knowledge or understanding that such products are sold in the State of Florida, including in this District;

   b.   The acts by Defendants have caused and are causing injury to Plaintiff within this District; and

   c.   Emond is a resident of this District.

10.    Venue is proper within this District under 28 U.S.C. §§ 1391(b) and (c) for the following reasons:

   a.   Plaintiff's principal place of business is in this District;

   b.   Plaintiff suffered harm in this District;

c. Upon information and belief, Defendant's transact business within this District and offer for sale in this District products that infringe on Plaintiff's patent;

d. A substantial part of the events giving rise to the Plaintiff's claims occurred in this District; and

e. Emond is a resident of this District.

## GENERAL ALLEGATIONS

11. SB Tactical is a designer and seller of firearm accessories. As a result of its significant investment in research and development, SB Tactical has developed innovative technologies that have greatly impacted the firearm accessory industry. One such technology is SB Tactical's Stabilizing Braces that are used in connection with certain pistols to aid a shooter in supporting a pistol by the shooter's forearm.

12. Versions of SB Tactical's Stabilizing Braces are sold, distributed, and marketed by authorized retailer Sig Sauer under the trade name SB15, and by authorized retailer Century Arms under the trade name SB47, among others.

13. Alessandro "Alex" Bosco ("Bosco"), SB Tactical co-founder and inventor of the Stabilizing Braces, was awarded "TTAG 2014 Editors' Choice Award: Most Influential Personality of the Year" for contributions made by the Stabilizing Braces to the firearm accessory industry, stating: "The SB-15 pistol brace has completely changed the way we look at pistol versions of modern sporting rifles."

14.   SB Tactical has protected its innovative designs and technologies through a broad range of intellectual property rights. Those rights include Design Patent No. D706,896 (the "'D896 Patent") issued by the United States Patent and Trademark Office (the "USPTO"). The SB Tactical design patent covers the many ornamental features of versions of the Stabilizing Braces. A true and correct copy of the 'D896 Patent is attached as Exhibit A and incorporated herein by reference.

15.   Shockwave and Martin Ewer make or have made, manufacture or have manufactured, import, use, sell, or offer to sell Shockwave Blade pistol stabilizers in competition with SB Tactical. On information and belief, Shockwave and Martin Ewer market and sell these devices throughout the United States, including throughout the state of Florida and in this District, through their business partners and various retailers, including through retail stores, company websites, and retail websites.

16.   KAK makes or has made, manufacturers or has manufactured, imports, uses, sells, or offers to sell Shockwave Blade pistol stabilizers in competition with SB Tactical. On information and belief, KAK markets and sells these devices throughout the United States, including throughout the state of Florida and in this District, through their business partners and various retailers, including through retail stores, company websites, and retail websites.

17.   Bosco conceived of the invention claimed in U.S. Patent Number 8,869,444 (the "'444 Patent") titled Forearm-Gripping Stabilizing Attachment for a Handgun, a true

and correct copy of which is attached hereto as Exhibit B, and incorporated herein by reference.

18.     Bosco conceived of the invention claimed in U.S. Patent Application Number 14/169,523 (the "'523 Application") titled Forearm-Gripping Stabilizing Attachment for a Handgun, a true and correct copy of which is attached hereto as Exhibit C, and incorporated herein by reference.

19.     Bosco conceived of the invention claimed in U.S. Patent Application Number 14/518,140 (the "'140 Application") titled Forearm-Gripping Stabilizing Attachment for a Handgun a true and correct copy of which is attached hereto as Exhibit D, and incorporated herein by reference.

20.     Bosco conceived of the invention claimed in the 'D896 Patent.

21.     Bosco conceived of the invention claimed in U.S. Patent Number D728,724 (the "'D724 Patent") titled Forearm-Gripping Stabilizing Attachment a true and correct copy of which is attached hereto as Exhibit E, and incorporated herein by reference.

22.     Bosco is the named inventor on the '444 Patent, the '523 Application, the 'D896 Patent, the '140 Application, and the 'D724 Patent (the "Bosco Patent Family").

23.     Bosco is the named Applicant on the Bosco Patent Family.

24.     Bosco hired Emond, at first through the company Foam By Design, Inc., and later as an independent contractor, to prepare prototypes of the inventions claimed in the '444 Patent, the 'D896 Patent, the '140 Application, and the 'D724 Patent (the "Brace

Patent Family"). The inventions disclosed and claimed in the Brace Patent Family are referred to as the "Pistol Stabilizing Brace".

25.      Bosco disclosed the inventions claimed in the Brace Patent Family to Emond for the purposes of preparing prototypes of his inventions.

26.      Emond did not conceive of the invention claimed in the '444 Patent.

27.      Emond did not conceive of the invention claimed in the '523 Application.

28.      Emond did not conceive of the invention claimed in the '140 Application.

29.      Emond did not conceive of the invention claimed in the 'D896 Patent.

30.      Emond did not conceive of the invention claimed in the 'D724 Patent.

31.      On March 12, 2015, SB Tactical filed with the USPTO an assignment evidencing transfer of full right, title, and interest to the Bosco Patent Family from Bosco to SB Tactical.

32.      As a result, SB Tactical is the owner of the full right, title, and interest to the Bosco Patent Family.

33.      On September 18, 2015, Emond, Bosco, and SB Tactical entered into a settlement agreement and mutual release (the "Settlement Agreement"), a true and correct copy of which is attached hereto as Exhibit F, and incorporated herein by reference.

34.      Emond agreed in the Settlement Agreement that Bosco is the sole inventor of the Pistol Stabilizing Brace, and Emond released and forever discharged any and all claims, whether known or not, relating to the Pistol Stabilizing Brace.

7

35.    Notwithstanding the execution of the Settlement Agreement, and the fact that Emond had no interest, claim, title or right to the Bosco Patent Family, on December 10, 2015, Emond signed an agreement purporting to assign the entire right, title, and interest to the '444 Patent, the 'D896 Patent, the 'D724 Patent, and any related patents or applications to Shockwave (the "Purported Assignment"), a true and correct copy of which is attached hereto as Exhibit G, and incorporated herein by reference.

36.    On December 17, 2015, Shockwave filed the Purported Assignment with the USPTO.

37.    The Purported Assignment was recorded with the USPTO on December 17, 2015, at reel 037318 frame 0560.

38.    The Purported Assignment claims that Emond is an inventor of the inventions claimed in the Bosco Patent Family.

39.    The filing of the Purported Assignment with the USPTO was incorrect and unlawful.

40.    SB Tactical requested that Shockwave withdraw the filing of the Purported Assignment with the USPTO.

41.    Shockwave did not withdraw the filing of the Purported Assignment with the USPTO.

42.    Because Shockwave did not withdraw the filing of the Purported Assignment with the USPTO, SB Tactical was forced to take corrective action by filing a Declaration Attesting to the Correct Chain of Title (the "Corrective Declaration") with the USPTO.

43.   The Corrective Declaration was filed with the USPTO on January 13, 2016. A true and correct copy of the Corrective Declaration is attached as Exhibit H and incorporated herein by reference.

44.   SB Tactical has retained the undersigned law firms and has agreed to pay said firms their reasonable attorney's fees in prosecuting this action. Shockwave, Martin Ewer, and KAK are or may be liable for said fees pursuant to statute or other applicable law.

## FIRST CLAIM FOR RELIEF
### (Infringement of the 'D896 Patent)

45.   This is an action for damages and injunctive relief for willful patent infringement against Shockwave, Martin Ewer, and KAK.

46.   SB Tactical realleges and incorporates herein each and every allegation set forth in the General Allegations, and further alleges as follows:

47.   SB Tactical is the owner of all right, title, and interest in the 'D896 Patent, entitled "Forearm-Gripping Stabilizing Attachment," duly and properly issued by the USPTO on June 10, 2014.

48.   Defendants have infringed and continue to infringe upon the 'D896 Patent by using, selling, and/or offering to sell in the United States, and/or importing into the United States one or more of the Defendants' products identified in this Complaint, which embody the design covered by the 'D896 Patent, such as, by way of example and not limitation, the Shockwave Blade pistol stabilizer.

49.     As the side-by-side comparison shown below reveals, Defendants have misappropriated SB Tactical's patented Stabilizing Brace in the accused products, including the Shockwave Blade pistol stabilizer depicted below:

| 'D896 Patent | Shockwave Blade |
| --- | --- |
|  | |

50.     Defendants advertise the Shockwave Blade pistol stabilizer to potential purchasers primarily through use of profile images of the product, thereby increasing the importance of the similarities between the profile of the Shockwave Blade product and the invention claimed in the 'D896 Patent. Examples of advertisements are attached as Exhibits I - L.

51.     Defendants have profited through infringement of the 'D896 Patent.

52.     As a result of Defendants' unlawful infringement of the 'D896 Patent, SB Tactical has suffered and will continue to suffer damage. SB Tactical is entitled to recover from Defendants the damages suffered by SB Tactical as a result of Defendants' unlawful acts.

53.   On information and belief, Defendants' infringement of the 'D896 Patent is willful and deliberate, entitling SB Tactical to enhanced damages and reasonable attorneys' fees and costs.

54.   On information and belief, the infringement by Defendants has and will deprive SB Tactical of sales, profits, and other related revenue that SB Tactical would have made or would enjoy in the future, has injured SB Tactical in other respects, and will cause SB Tactical irreparable harm unless Defendants are enjoined from infringing the 'D896 Patent.

Wherefore, SB Tactical requests judgment against Defendants Shockwave, KAK, and Martin Ewer that Defendants have infringed the 'D896 Patent; an order and judgment preliminarily and permanently enjoining, as provided by 35 U.S.C. § 283, Defendants and their officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or concert with them, and their parents, subsidiaries, divisions, successors and assigns, from further acts of infringement of the 'D896 Patent; a judgment awarding SB Tactical all damages adequate to compensate for Defendants' infringement of the 'D896 Patent, and in no event less than a reasonable royalty for Defendants' acts of infringement, including all pre-judgment and post-judgment interest at the maximum rate permitted by law; a judgment awarding SB Tactical all damages, including treble damages, based on any infringement found to be willful, under 35 U.S.C. § 284, together with prejudgment interest; costs of suit and reasonable attorneys' fees; and for such other and further relief as the Court deems appropriate and just.

**SECOND CLAIM FOR RELIEF**
**(Violation of Section 43(a) of the Lanham Act; 15 U.S.C. § 1125(a))**

55.     This is an action for damages and injunctive relief for violation of Section 43(a) of the Lanham Act against Shockwave and Martin Ewer.

56.     SB Tactical realleges and incorporates herein each and every allegation set forth in the General Allegations, and further alleges as follows:

57.     In a Press Release dated January 21, 2015 Shockwave and Martin Ewer stated the following: "The January 16, 2015 BATFE open letter, <u>OPEN LETTER ON THE REDESIGN OF 'STABILIZING BRACES</u>,' is limited to the SB Tactical product line and does not affect Shockwave Technologies products. As confirmed in a letter by BATFE's Firearms Technology Industry Services Branch dated December 15, 2014, the Shockwave Technologies Blade pistol stabilizer is legal to purchase, legal to own, legal to install, and legal to use on a pistol."

58.     Shockwave and Martin Ewer's statement was a false or misleading description of fact, or false or misleading representation of fact, that was used in commercial advertising or promotion in interstate commerce and misrepresents the nature, characteristics, or qualities of SB Tactical's goods, services, or commercial activities.

59.     Contrary to Shockwave and Martin Ewer's false or misleading description of fact, or false or misleading misrepresentation of fact, SB Tactical's product line is legal to purchase, legal to own, legal to install, and legal to use on a pistol.

60.     Shockwave and Martin Ewer's false or misleading description of fact, or false or misleading misrepresentation of fact deceived, or had the capacity to deceive, consumers.

61.     The false or misleading description of fact, or false or misleading misrepresentation of fact had a material effect on the purchasing decisions of consumers.

62.     SB Tactical has been damaged and is likely to be damaged by the false or misleading description of fact, or false or misleading representation of fact made by Shockwave and Martin Ewer. Shockwave and Martin Ewer are liable to SB Tactical for recovery of damages, attorneys' fees, and costs under 15 U.S.C § 1114 and 15 U.S.C § 1117.

Wherefore, SB Tactical requests judgment against Defendants Shockwave and Martin Ewer that Defendants violated 15 U.S.C. § 1125(a); a judgment awarding SB Tactical all damages as it is entitled under 15 U.S.C. § 1117 as a result of Defendants' violation of 15 U.S.C. § 1125(a), together with costs and attorneys' fees; an order and judgment preliminarily and permanently enjoining, as provided by 15 U.S.C. § 1116, Defendants, their directors, officers, agents, employees, successors, subsidiaries, assigns, and all persons in active concert, privity, or participation with Defendants from making false or misleading description of fact, or false or misleading representation of fact; restitutionary relief against Defendants and in favor of SB Tactical, including disgorgement of wrongfully obtained profits and any other appropriate relief; costs of suit

and reasonable attorneys' fees; and for such other and further relief as the Court deems appropriate and just.

## THIRD CLAIM FOR RELIEF
### (Common Law Unfair Competition)

63.     This is an action for damages and injunctive relief for unfair competition against Shockwave and Martin Ewer.

64.     SB Tactical realleges and incorporates herein each and every allegation set forth in the General Allegations and further alleges as follows:

65.     In a Press Release dated January 21, 2015 Shockwave and Martin Ewer stated the following: "The January 16, 2015 BATFE open letter, OPEN LETTER ON THE REDESIGN OF 'STABILIZING BRACES,' is limited to the SB Tactical product line and does not affect Shockwave Technologies products. As confirmed in a letter by BATFE's Firearms Technology Industry Services Branch dated December 15, 2014, the Shockwave Technologies Blade pistol stabilizer is legal to purchase, legal to own, legal to install, and legal to use on a pistol."

66.     Shockwave and Martin Ewer's statement was a false or misleading description of fact, or false or misleading representation of fact, that was used in commercial advertising or promotion and misrepresents the nature, characteristics, or qualities of SB Tactical's goods, services, or commercial activities.

67.     Contrary to Shockwave and Martin Ewer's false or misleading description of fact, or false or misleading misrepresentation of fact, SB Tactical's product line is legal to purchase, legal to own, legal to install, and legal to use on a pistol.

14

68.     Shockwave and Martin Ewer's false or misleading description of fact, or false or misleading misrepresentation of fact deceived, or had the capacity to deceive, consumers.

69.     Shockwave and Martin Ewer's false or misleading description of fact, or false or misleading misrepresentation of fact was made to current and potential customers of SB Tactical in an attempt to gain an unfair advantage over SB Tactical.

70.     The false or misleading description of fact, or false or misleading misrepresentation of fact had a material effect on the purchasing decisions of consumers.

71.     SB Tactical has been damaged and is likely to be damaged by the false or misleading description of fact, or false or misleading representation of fact made by Shockwave and Martin Ewer.

72.     By reason of Defendants' unfair competition and false and misleading statements, SB Tactical has been and will continue to be irreparably harmed and has suffered damages.

        Wherefore, SB Tactical requests judgment against Defendants Shockwave and Martin Ewer that Defendants violated Florida's common law of unfair competition; a judgment awarding SB Tactical all damages as it is entitled under 15 U.S.C. § 1117 as a result of Defendants' violation of 15 U.S.C. § 1125(a), together with costs and attorneys' fees; an order and judgment preliminarily and permanently enjoining Defendants, their directors, officers, agents, employees, successors, subsidiaries, assigns, and all persons in active concert, privity, or participation with Defendants from making false or misleading

description of fact, or false or misleading representation of fact; a judgment awarding SB Tactical compensatory damages as a result of Shockwave and Martin Ewer's violation of Florida's common law of unfair competition; restitutionary relief against Defendants and in favor of SB Tactical, including disgorgement of wrongfully obtained profits and any other appropriate relief; costs of suit and reasonable attorneys' fees; and for such other and further relief as the Court deems appropriate and just.

## FOURTH CLAIM FOR RELIEF
### (Declaratory Relief)

73.     This is an action for declaratory relief against Shockwave and Emond.

74.     SB Tactical realleges and incorporates herein each and every allegation set forth in the General Allegations, and further alleges as follows:

75.     The Purported Assignment and the filing of the Purported Assignment with the USPTO have clouded SB Tactical's title to the Bosco Patent Family.

76.     An actual controversy exists between SB Tactical on one hand and Emond and Shockwave on the other with respect to the Bosco Patent Family which SB Tactical contends, and Emond and Shockwave deny, that SB Tactical is the sole and rightful owner of each of the patents and patent applications.

77.     SB Tactical is entitled to a declaration as between it and Emond and Shockwave that SB Tactical is the sole legal and equitable owner of the Bosco Patent Family; that Emond and Shockwave have no ownership interest in any of the patents or patent applications in the Bosco Patent Family; and to an order that Emond and

16

Shockwave execute any necessary documents to formally confirm SB Tactical's ownership and to remove the cloud on SB Tactical's ownership of the Bosco Patent Family created by the Purported Assignment and the filing of the Purported Assignment with the USPTO.

78.     The declaratory action deals with a present, ascertained or ascertainable state of facts or present controversy as to a state of facts as outlined herein.

79.     The rights of the Plaintiff and Defendants are dependent upon the facts or law applicable to the facts as stated herein.

80.     The relief sought is not merely the giving of legal advice by the Court.

Wherefore, SB Tactical requests a declaration that SB Tactical is the sole legal and equitable owner of the '444 Patent, the '523 Application, the 'D896 Patent, the '140 Application, and the 'D724 Patent; for a declaration that that Emond and Shockwave have no ownership interest in the '444 Patent, the '523 Application, the 'D896 Patent, the '140 Application, or the 'D724 Patent; for an order compelling Emond and Shockwave to execute any necessary documents to formally confirm SB Tactical's ownership and remove the cloud on SB Tactical's ownership of the '444 Patent, the '523 Application, the 'D896 Patent, the '140 Application, and the 'D724 Patent; costs of suit and reasonable attorneys' fees; and for such other and further relief as the Court deems appropriate and just.

## FIFTH CLAIM FOR RELIEF
### (Breach of Contract – Specific Performance)

81.     This is an action for specific performance for breach of contract against Emond.

82.     SB Tactical realleges and incorporates herein each and every allegation set forth in the General Allegations and further alleges as follows:

83.     Emond breached the Settlement Agreement by executing the Purported Assignment.

84.     Emond's Purported Assignment to Shockwave was in breach of the Settlement Agreement because in the Purported Assignment Emond claims the entire right, title, and interest to the Pistol Stabilizing Brace patents which he disclaimed through the Settlement Agreement.

85.     SB Tactical has fully performed under the Settlement Agreement.

86.     SB Tactical has been damaged by Emond's breach by its title to the Pistol Stabilizing Brace patents being clouded and disparaged.

Wherefore, SB Tactical requests judgment against Emond for specific performance, court costs, and attorneys' fees, and for such further relief the Court deems appropriate and just.

## SIXTH CLAIM FOR RELIEF
### (Breach of Contract - Damages)

87.     This is an action for damages for breach of contract against Emond.

18

88.    SB Tactical realleges and incorporates herein each and every allegation set forth in the General Allegations and further alleges as follows:

89.    Emond breached the Settlement Agreement by executing the Purported Assignment.

90.    Emond's Purported Assignment to Shockwave was in breach of the Settlement Agreement because in the Purported Assignment Emond claims the entire right, title, and interest to the Pistol Stabilizing Brace patents which he disclaimed through the Settlement Agreement.

91.    SB Tactical has fully performed under the Settlement Agreement.

92.    SB Tactical has been damaged by Emond's breach, by its title to the Pistol Stabilizing Brace patents being clouded and disparaged.

Wherefore, SB Tactical requests judgment against Emond for damages, court costs, and attorneys' fees, and for such further relief the Court deems appropriate and just.

## SEVENTH CLAIM FOR RELIEF
### (Slander of Title)

93.    This is an action for damages for slander of title against Emond and Shockwave.

94.    SB Tactical realleges and incorporates herein each and every allegation set forth in the General Allegations and further alleges as follows:

95.    Emond lacked any right or interest in the Bosco Patent Family, and the Purported Assignment is a falsehood.

19

96.     Emond and Shockwave knew when Emond executed and when Shockwave accepted and recorded the Purported Assignment that Emond lacked any right or interest in the Bosco Patent Family.

97.     Emond and Shockwave knew that the Purported Assignment would likely induce others not to deal with SB Tactical or cloud SB Tactical's ownership rights in the Bosco Patent Family.

98.     The Purported Assignment has played a material and substantial part in inducing others not to deal with SB Tactical.

99.     SB Tactical has suffered special damages which were directly and proximately caused by Emond and Shockwave's execution, acceptance, and recordation of the Purported Assignment.

100.    Emond and Shockwave have acted with malice and without privilege in executing and recording the Purported Assignment.

        Wherefore, SB Tactical requests judgment against Emond and Shockwave for damages, court costs, and attorneys' fees, and for such further relief the Court deems appropriate and just.

## EIGHTH CLAIM FOR RELIEF
### (Fla. Stat. § 817.535(8))

101.    This is an action for damages pursuant to Fla. Stat. § 817.535(8) against Emond, Martin Ewer, and Shockwave.

102.   SB Tactical realleges and incorporates herein each and every allegation set forth in the General Allegations and further alleges as follows:

103.   Emond and Shockwave knew when Emond executed and when Shockwave accepted and recorded the Purported Assignment that Emond lacked any right or interest in the Bosco Patent Family.

104.   The Purported Assignment contains a materially false, fictitious, and fraudulent statement or representation such that the instrument does not establish a legitimate property interest.

105.   The Purported Assignment was filed in the official records of the USPTO at reel 037318 frame 0560.

106.   Martin Ewer knew when he directed the filing of the Purported Assignment in the official records of the USPTO that neither Emond nor Shockwave had title to the Bosco Patent Family.

107.   Shockwave knew when it filed the Purported Assignment in the official records of the USPTO that neither Emond nor Shockwave had title to the Bosco Patent Family.

108.   Shockwave filed the Purported Assignment in the official records of the USPTO with the intent to defraud or harass SB Tactical.

109.   SB Tactical has been damaged by the Purported Assignment, by its title to the Pistol Stabilizing Brace patents being clouded and disparaged.

Wherefore, SB Tactical requests judgment against Emond and Shockwave (i) that the Purported Assignment is materially false, fictitious, or fraudulent, or does not establish a legitimate property interest, (ii) that the Purported Assignment is void ab initio, (iii) that the Purported Assignment be sealed from the official record and removed from any electronic database used for indexing or locating instruments in the official record, (iv) permanently enjoin the Defendants from filing or directing a person to file an instrument in the official records without prior review and approval for filing by a court of competent jurisdiction, (v) for damages, (vi) for statutory damages, (vii) for civil penalty, and for (viii) court costs and attorneys' fees, and for such further relief the Court deems appropriate and just.

## NINTH CLAIM FOR RELIEF
### (Conspiracy to Commit Fraud)

110.   This is an action for damages for conspiracy to commit fraud against Emond and Shockwave.

111.   SB Tactical realleges and incorporates herein each and every allegation set forth in the General Allegations and further alleges as follows:

112.   On May 18, 2015, Martin Ewer, on behalf of Shockwave, authored an article posted on Shockwave's website which claimed that Shockwave's Blade pistol stabilizers did not infringe on any of Bosco or SB Tactical's patents, stating that Bosco and SB Tactical's patent infringement claim "doesn't seem to have a single merit." Martin Ewer asked for support in defending against SB Tactical's claims through the purchase of his

product. A true and correct copy of the article is attached hereto as Exhibit M and incorporated herein by reference.

113.   On August 18, 2015, Emond commented on Martin Ewer's article, using the user name "wayne emond," stating "Hey Marty, I think we should talk. I am the original Designer of the Sig SB15 and I am in the process of invalidating Alex's patent. Please contact [me] on this matter as soon as you can."

114.   Martin Ewer contacted Emond utilizing the information Emond used to comment on the article, and Emond, and Martin Ewer, individually, and through Shockwave, agreed to begin a campaign with the intent to defraud SB Tactical of its right, title, and interest to the Bosco Patent Family.

115.   In furtherance of the conspiracy, on September 18, 2015, Emond acknowledged Bosco to be the sole inventor of the Pistol Stabilizing Brace and released any all claims he had or could have relating to the Pistol Stabilizing Brace in the Settlement Agreement entered into between Emond, Bosco, and SB Tactical.

116.   In furtherance of the conspiracy, on December 10, 2015, Emond, as assignor, and Shockwave, through Martin Ewer, as assignee, executed the Purported Assignment.

117.   In furtherance of the conspiracy, Shockwave, through Martin Ewer, recorded the Purported Assignment with the USPTO.

118.   As a result of Emond, Shockwave, and Martin Ewer's actions, SB Tactical has been damaged by, amongst other things, its title to the Bosco Patent Family being disparaged and clouded.

Wherefore, SB Tactical requests judgment against Emond, Shockwave, and Martin Ewer for damages, court costs, and attorneys' fees, and for such further relief the Court deems appropriate and just.

## DEMAND FOR JURY TRIAL

Plaintiff, SB Tactical, demands a trial by jury of all issues properly triable by a jury.

DATED:  January 19, 2016.

Respectfully Submitted,

 s/ William R. Brees
William R. Brees (FL Bar No. 98886)
Brittany J. Maxey (FL Bar No. 44586)
MAXEY LAW OFFICES, PLLC
100 Second Avenue South, Suite 401N
St. Petersburg, FL 33701
Telephone:  (727) 230-4949
Facsimile:  (727) 230-4827
Email: lpg@maxeyiplaw.com
Counsel for Plaintiff