IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| **NST Global, LLC, d/b/a SB Tactical**<br><br>                 Plaintiff,<br><br>    v.<br><br>**Ewer Enterprises, LLC, d/b/a Shockwave Technologies; KAK Industry, LLC and Martin Ewer, an individual, et al.**<br><br>               Defendant. | Case No. 8:15-cv-00935-JDW-MAP |

### DEFENDANT KAK INDUSTRY, LLC'S
### ANSWER AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

KAK Industry, LLC ("KAK Industry"), through its undersigned trial counsel, Brinks, Gilson & Lione, P.C., hereby incorporate by reference, repeat and reallege paragraphs 1 through 118 of KAK Industry's First Amended Answer to Plaintiff's First Amended Complaint (Dkt. 63) as if fully set forth herein by this reference, and answer the Complaint as follows:

#### NATURE OF THE ACTION

KAK Industry admits that Plaintiff alleges patent infringement, otherwise denied.

#### PARTIES

1.    KAK Industry is without knowledge or information sufficient to admit or deny the allegations in paragraph 1 and therefore denies the allegations therein.

2.    KAK Industry is without knowledge or information sufficient to admit or deny the allegations in paragraph 2 and therefore deny the allegations therein.

3.    KAK Industry is without knowledge or information sufficient to admit or deny the

allegations in paragraph 3 and therefore deny the allegations therein.

4.      KAK Industry is without knowledge or information sufficient to admit or deny the

allegations in paragraph 4 and therefore deny the allegations therein.

5.      KAK Industry admits that it is a Missouri limited liability company with a principal

place of business at 1709 NE Misty Lane, Lee's Summit, Missouri 64063.

6.      KAK Industry admits the allegations in paragraph 6.

7.      KAK Industry admits the allegations in paragraph 7.

8.      KAK Industry admits the allegations in paragraph 8.

9.      KAK Industry is without knowledge or information sufficient to admit or deny the

allegations in paragraph 9 and therefore denies the allegations therein.

10.     KAK Industry is without knowledge or information sufficient to admit or deny the

allegations in paragraph 10 and therefore denies the allegations therein.

11.     KAK Industry is without knowledge or information sufficient to admit or deny the

allegations in paragraph 11 and therefore denies the allegations therein.

12.     KAK Industry is without knowledge or information sufficient to admit or deny the

allegations in paragraph 12 and therefore denies the allegations therein.

### JURISDICTION AND VENUE

13.     KAK Industry denies that the Court has subject matter jurisdiction over the patent in

suit because Plaintiff lacks standing.

14.     KAK Industry admits personal jurisdiction is appropriate under 35 U.S.C. § 271,

and denies that it has committed any acts of infringement. KAK Industry is otherwise

without knowledge or information sufficient to admit or deny the allegations in Paragraph

14 and therefore denies the allegations therein.

15.     KAK Industry admits that under 28 US.C. § 1391, venue is proper in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.  KAK Industry is otherwise without knowledge or information sufficient to admit or deny the allegations in Paragraph 15 and therefore denies the allegations therein.

## GENERAL ALLEGATIONS

16.     KAK Industry is without knowledge or information sufficient to admit or deny the allegations in paragraph 16 and therefore denies the allegations therein.

17.     KAK Industry is without knowledge or information sufficient to admit or deny the allegations in paragraph 17 and therefore denies the allegations therein.

18.     KAK Industry is without knowledge or information sufficient to admit or deny the allegations in paragraph 18 and therefore denies the allegations therein.

19.     KAK Industry is without knowledge or information sufficient to admit or deny the allegations in paragraph 19 and therefore denies the allegations therein.

20.     KAK Industry denies Alessandro "Alex" Bosco ("Bosco") is the inventor of the Stabilizing Braces.  KAK Industry is without knowledge or information sufficient to admit or deny the remaining allegations in paragraph 20 and therefore denies the allegations therein.

21.     KAK Industry are without knowledge or information sufficient to admit or deny the allegations in paragraph 21 that "SB Tactical has protected its innovative designs and technologies through a broad range of intellectual property rights."  Defendants deny the remaining allegations in paragraph 21.

22.     KAK Industry admits that the '021 Patent issued from United States Application No. 14/518,140 (the "'140 Application").

23.     KAK Industry denies that Bosco conceived the invention(s) claimed in the '021 Patent.

24.     KAK Industry admits that Bosco is the sole named inventor identified on the '140 Application as shown in the records of the Patent Office, but denies that the '140 Application or '021 Patent is valid or enforceable because Bosco is not the sole inventor claimed in the '140 Application or '021 Patent and failed to include Mr. Jason Scurlock and Mr. Wayne Emond as the rightful, true and correct inventors thereof.

25.     KAK admits that on March 12, 2015, SB Tactical filed with the USPTO an assignment purporting to transfer right, title, and interest to the '140 Application from Bosco to SB Tactical but denies all other allegations therein.

26.     KAK Industry denies that SB Tactical is the owner of the full right, title, and interest to the '021 Patent that issued from the '140 Application.

27.     KAK admits that NST Global, LLC is the named Applicant on the '021 Patent. KAK Industry denies that NST Global, LLC is the true owner of the '021 Patent or the invention(s) claimed in the '021 Patent.

28.     KAK admits Case No. 8:15-cv-00935-JDW-MAP is currently pending before this Court and denies all other allegations therein.

29.     KAK admits that ownership of the '140 Application is currently at issue in the 'D896 Patent Infringement Suit.

30.     KAK Industry is without knowledge or information sufficient to admit or deny the

allegations in paragraph 30 and therefore denies the allegations therein.

31.     KAK Industry denies the allegations in paragraph 31.

32.     KAK Industry denies the allegations in paragraph 32.

33.     KAK Industry admits that the '021 Patent has a total of 5 claims but denies that the claims are valid and enforceable.

34.     KAK Industry is without knowledge or information sufficient to admit or deny the allegations in paragraph 34 and therefore denies the allegations therein.

35.     KAK Industry admits Ewer Enterprises sells or offers to sell a product under the name *Shockwave Blade Pistol Stabilizer*.  KAK Industry is without knowledge or information sufficient to admit or deny the remainder of the allegations in paragraph 35.

36.     KAK Industry admits Ewer Enterprises has sold or offered to sell a product under the name *Shockwave Blade Pistol Stabilizer* through company websites and retail websites. KAK Industry is without knowledge or information sufficient to admit or deny the remainder of the allegations in paragraph 36.

37.     KAK Industry is without knowledge or information sufficient to admit or deny the allegations in paragraph 37 and therefore denies the allegations therein.

38.     KAK Industry is without knowledge or information sufficient to admit or deny the allegations in paragraph 38 and therefore denies the allegations therein.

39.     KAK Industry is without knowledge or information sufficient to admit or deny the allegations in paragraph 39 and therefore denies the allegations therein.

40.     KAK Industry is without knowledge or information sufficient to admit or deny the allegations in paragraph 40 and therefore denies the allegations therein.

41.     KAK Industry is without knowledge or information sufficient to admit or deny the allegations in paragraph 41 and therefore denies the allegations therein.

42.     KAK Industry admits Ewer Enterprises sells a product under the name Shockwave Blade Pistol Stabilizer.  KAK Industry is without knowledge or information sufficient to admit or deny the remainder of the allegations in paragraph 42.

43.     KAK Industry admits Ewer Enterprises offers to sell a product under the name Shockwave Blade Pistol Stabilizer.  KAK Industry is without knowledge or information sufficient to admit or deny the remainder of the allegations in paragraph 43.

44.     KAK Industry admits the allegations in paragraph 44.

45.     KAK Industry admits the allegations in paragraph 45.

46.     KAK Industry is without knowledge or information sufficient to admit or deny the allegations in paragraph 46 and therefore denies the allegations therein.

47.     KAK Industry admits that what is alleged to be a copy of the letter sent to the ATF by Ewer Enterprises and Martin Ewer is attached to the Complaint as Exhibit B.  KAK Industry is without knowledge or information sufficient to admit or deny the allegations in paragraph 47 and therefore denies the allegations therein.

48.     KAK Industry is without knowledge or information sufficient to admit or deny the allegations in paragraph 48 and therefore denies the allegations therein.

49.     KAK Industry is without knowledge or information sufficient to admit or deny the allegations in paragraph 49 and therefore denies the allegations therein.

50.     KAK Industry denies the allegations in paragraph 50.

51.     KAK Industry is without knowledge or information sufficient to admit or deny the

allegations in paragraph 51 and therefore denies the allegations therein.

### FIRST CLAIM FOR RELIEF

*(Infringement of the '021 Patent)*

52.     This claim for relief is not directed to KAK Industry.  To the extent any response is required to this paragraph, KAK Industry admits the nature of the action but denies the allegations of paragraph 52.

53.     This claim for relief is not directed to KAK Industry.  To the extent any response is required to this paragraph, KAK Industry re-alleges and incorporates by reference all responses contained herein, as set forth above, in paragraphs 1-52.  To the extent any allegations are deemed to remain in paragraph 53, KAK Industry denies the remaining allegations.

54.     This claim for relief is not directed to KAK Industry.  To the extent any response is required to this paragraph, KAK Industry is without knowledge or information sufficient to admit or deny the allegations in paragraph 54 and therefore denies the allegations therein.

55.     This claim for relief is not directed to KAK Industry.  To the extent any response is required to this paragraph, KAK Industry denies the allegations in paragraph 55.

56.     This claim for relief is not directed to KAK Industry.  To the extent any response is required to this paragraph, KAK Industry denies the allegations of paragraph 56.

57.     This claim for relief is not directed to KAK Industry.  To the extent any response is required to this paragraph, KAK Industry denies the allegations of paragraph 57.

58.     This claim for relief is not directed to KAK Industry.  To the extent any response is required to this paragraph, KAK Industry is without knowledge or information sufficient to

admit or deny the allegations in paragraph 58 and therefore denies the allegations therein.

59.     This claim for relief is not directed to KAK Industry.  To the extent any response is required to this paragraph, KAK Industry denies the allegations of paragraph 59.

60.     This claim for relief is not directed to KAK Industry.  To the extent any response is required to this paragraph, KAK Industry denies the allegations in paragraph 60.

61.     This claim for relief is not directed to KAK Industry.  To the extent any response is required to this paragraph, KAK Industry denies the allegations of paragraph 61.

62.     This claim for relief is not directed to KAK Industry.  To the extent any response is required to this paragraph, KAK Industry denies the allegations of paragraph 62.

63.     This claim for relief is not directed to KAK Industry.  To the extent any response is required to this paragraph, KAK Industry is without knowledge or information sufficient to admit or deny the allegations in paragraph 63 and therefore denies the allegations therein.

64.     This claim for relief is not directed to KAK Industry.  To the extent any response is required to this paragraph, KAK Industry is without knowledge or information sufficient to admit or deny the allegations in paragraph 64 and therefore denies the allegations therein.

65.     This claim for relief is not directed to KAK Industry.  To the extent any response is required to this paragraph, KAK Industry admits that Plaintiff has alleged what purports to be a Third-Party Pre-Issuance Submission is attached to the Complaint as Exhibit C.  The document speaks for itself.  KAK Industry is without knowledge or information sufficient to admit or deny the remaining allegations in paragraph 65 and therefore denies the allegations therein.

66.     This claim for relief is not directed to KAK Industry.  To the extent any response is

required to this paragraph, KAK Industry is without knowledge or information sufficient to admit or deny the allegations in paragraph 66 and therefore denies the allegations therein.

67.     This claim for relief is not directed to KAK Industry.  To the extent any response is required to this paragraph, KAK Industry is without knowledge or information sufficient to admit or deny the allegations in paragraph 67 and therefore denies the allegations therein.

68.     This claim for relief is not directed to KAK Industry.  To the extent any response is required to this paragraph, KAK Industry is without knowledge or information sufficient to admit or deny the allegations in paragraph 68 and therefore denies the allegations therein.

69.     This claim for relief is not directed to KAK Industry.  To the extent any response is required to this paragraph, KAK Industry is without knowledge or information sufficient to admit or deny the allegations in paragraph 69 and therefore denies the allegations therein.

70.     This claim for relief is not directed to KAK Industry.  To the extent any response is required to this paragraph, KAK Industry denies the allegations in paragraph 70.

71.     This claim for relief is not directed to KAK Industry.  To the extent any response is required to this paragraph, KAK Industry denies the allegations in paragraph 71.

72.     This claim for relief is not directed to KAK Industry.  To the extent any response is required to this paragraph, KAK Industry denies the allegations in paragraph 72.

Wherefore, this claim for relief is not directed to KAK Industry.  To the extent any response is required, KAK Industry prays the Court will deny Plaintiff all requested relief and enter judgment in favor of Defendants.

## SECOND CLAIM FOR RELIEF

*(Infringement of the '021 Patent)*

73.     This claim for relief is not directed to KAK Industry.  To the extent any response is required to this paragraph, Defendant KAK admits the nature of the action but denies the remaining allegations of paragraph 73.

74.     This claim for relief is not directed to KAK Industry.  To the extent any response is required to this paragraph, KAK Industry re-alleges and incorporates by reference all responses herein, as set forth, above in paragraphs 1-73.  To the extent any allegations are deemed to remain in paragraph 74, KAK Industry denies the remaining allegations.

75.     This claim for relief is not directed to KAK Industry.  To the extent any response is required to this paragraph, KAK Industry is without knowledge or information sufficient to admit or deny the allegations of paragraph 75, and therefore denies the same.

76.     This claim for relief is not directed to KAK Industry.  To the extent any response is required to this paragraph, KAK Industry denies the allegations of paragraph 76.

77.     This claim for relief is not directed to KAK Industry.  To the extent any response is required to this paragraph, KAK Industry denies allegations of paragraph 77.

78.     This claim for relief is not directed to KAK Industry.  To the extent any response is required to this paragraph, KAK Industry denies the allegations of paragraph 78.

79.     This claim for relief is not directed to KAK Industry.  To the extent any response is required to this paragraph, KAK Industry denies the allegations of paragraph 79.

80.     This claim for relief is not directed to KAK Industry.  To the extent any response is required to this paragraph, KAK Industry denies the allegations of paragraph 80.

81.     This claim for relief is not directed to KAK Industry.  To the extent any response is required to this paragraph, KAK Industry denies the allegations of paragraph 81.

82.     This claim for relief is not directed to KAK Industry.  To the extent any response is required to this paragraph, KAK Industry denies the allegations of paragraph 82.

83.     This claim for relief is not directed to KAK Industry.  To the extent any response is required to this paragraph, KAK Industry is without knowledge or information sufficient to admit or deny the allegations of paragraph 83, and therefore denies the same.

84.     This claim for relief is not directed to KAK Industry.  To the extent any response is required to this paragraph, KAK Industry is without knowledge or information sufficient to admit or deny the allegations of paragraph 84, and therefore denies the same.

85.     This claim for relief is not directed to KAK Industry.  To the extent any response is required to this paragraph, KAK Industry is without knowledge or information sufficient to admit or deny the allegations of paragraph 85, and therefore denies the same.

86.     This claim for relief is not directed to KAK Industry.  To the extent any response is required to this paragraph, KAK Industry denies that the Shockwave Blade Pistol Stabilizer infringes the '021 Patent.  KAK Industry is without knowledge or information sufficient to admit or deny the remaining allegations of paragraph 86, and therefore denies the same.

87.     This claim for relief is not directed to KAK Industry.  To the extent any response is required to this paragraph, KAK Industry is without knowledge or information sufficient to admit or deny the allegations of paragraph 87, and therefore denies the same.

88.     This claim for relief is not directed to KAK Industry.  To the extent any response is required to this paragraph, KAK Industry admits the allegations of paragraph 88.

89.     This claim for relief is not directed to KAK Industry.  To the extent any response is required to this paragraph, KAK Industry denies the allegations of paragraph 89.

90.     This claim for relief is not directed to KAK Industry.  To the extent any response is required to this paragraph, KAK Industry denies the allegations of paragraph 90.

91.     This claim for relief is not directed to KAK Industry.  To the extent any response is required to this paragraph, KAK Industry denies the allegations of paragraph 91.

Wherefore, this claim for relief is not directed to KAK Industry.  To the extent any response is required, KAK Industry prays the Court will deny Plaintiff all requested relief and enter judgment in favor of Defendants.

### THIRD CLAIM FOR RELIEF
*(Infringement of the '021 Patent)*

92.     KAK Industry admits the nature of the action but denies the remaining allegations of paragraph 92.

93.     KAK Industry re-alleges and incorporates by reference all responses herein, as set forth, above in paragraphs1-92.  To the extent any allegations are deemed to remain in paragraph 93, KAK Industry denies the remaining allegations.

94.     KAK Industry denies the allegations of paragraph 94.

95.     KAK Industry denies the allegations of paragraph 95.

96.     KAK Industry denies the allegations of paragraph 96.

97.     KAK Industry denies the allegations of paragraph 97.

98.     KAK Industry denies the allegations of paragraph 98.

99.     KAK Industry denies the allegations of paragraph 99.

100.    KAK Industry denies the allegations of paragraph 100.

101.    KAK Industry denies the allegations of paragraph 101.

102.    KAK Industry denies the allegations of paragraph 102.

103.    KAK Industry denies the allegations of paragraph 103.

104.    KAK Industry denies the allegations of paragraph 104.

Wherefore, KAK Industry prays the Court will deny Plaintiff all requested relief and award KAK Industry reasonable attorneys' fees and costs for defending the claim.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

#### *(Failure to State Claim)*

1.    Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

#### *(Failure to Mark)*

2.    Plaintiff's failure to mark commercial embodiments allegedly covered by the '021 and D'896 Patents pursuant to 35 U.S.C. § 287 limits the damages recoverable by the Plaintiff.  No remedies for infringement under section 35 U.S.C. § 271(g) are available with respect to any product in the possession of, or in transit to, the person subject to liability under such section before that person had notice of infringement with respect to that product. The Plaintiff's failure to mark products covered by the '021 and D'896 Patents limits damages to those occurring after the filing of the Complaint.

### THIRD AFFIRMATIVE DEFENSE

#### *(Ownership)*

3.    KAK Industry is the assignee of Jason Scurlock's right, title and interest in the '140

Application and '021 Patent, and thus KAK Industry has the lawful right to use the invention(s) claimed in the '021 Patent.

4.      KAK Industry is the assignee of Jason Scurlock's right, title and interest in the 'D896 Patent, and thus KAK Industry has the lawful right to use the invention(s) claimed in the 'D896 Patent.

5.      KAK Industry is the assignee of Wayne Emond's right, title and interest in the '140 Application and '021 Patent, and thus KAK Industry has the lawful right to use the invention(s) claimed in the '021 Patent.

6.      KAK Industry is the assignee of Wayne Emond's right, title and interest in the 'D896 Patent, and thus KAK Industry has the lawful right to use the invention(s) claimed in the 'D896 Patent.

**FOURTH AFFIRMATIVE DEFENSE**

*(Standing)*

7.      Plaintiff failed to join all rightful co-inventor(s) and co-owner(s) of the '140 Application, '021 Patent and 'D896 Patent, including Jason Scurlock and/or Wayne Emond.

8.      Plaintiff thus lacks standing to maintain its infringement claim.

**FIFTH AFFIRMATIVE DEFENSE**

*(Unclean Hands)*

9.      Plaintiff engaged in conduct calculated to deprive Jason Scurlock and Wayne Emond, who are inventors or, at least, co-inventors of the '140 Application, '021 Patent and D896 Patent, of royalties, and omitted them as co-inventors.

10.     KAK Industry is the assignee and successor-in-interest of Jason Scurlock's right, title and interest in the '140 Application, '021 Patent and 'D896 Patent including all past,

14

present and future claims relating to such right, title and interest, and thus KAK Industry

has the lawful right to assert any such claims and defenses relating to Mr. Scurlock's right,

title and interest to the invention claimed in the '140 Application, '021 Patent and 'D896

Patent including, but not limited to, equitable relief.

11.     KAK Industry is the assignee and successor-in-interest of Mr. Emond's right, title

and interest in the '140 Application, '021 Patent and 'D896 Patent including all past,

present and future claims relating to such right, title and interest, and thus KAK Industry

has the lawful right to assert any such claims and defenses relating to Mr. Scurlock's right,

title and interest to the invention claimed in the '140 Application, '021 Patent and 'D896

Patent including, but not limited to, equitable relief.

12.     As a result of Plaintiff's unclean hands, Plaintiff is not entitled to the relief sought.

## COUNTERCLAIMS

KAK Industry, LLC ("KAK Industry") by and through its undersigned trial counsel,

BRINKS, GILSON & LIONE, P.C., asserts the following counterclaims against Plaintiff

NST Global, LLC, d/b/a SB Tactical ("NST Global") and alleges as follows:

## THE PARTIES

1.      KAK Industry is a Missouri limited liability company with its principal place of business at 1709 NE Misty Lane, Lee's Summit, Missouri 64063.

2.      Upon information and belief, Plaintiff NST Global is a Florida limited liability company with a principal place of business at 1225 Darlington Oak Circle NE, St. Petersburg, FL 33703.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction under the Declaratory Judgment Act 28 U.S.C. §§ 2201-2202 and the patent laws of the United States 35 U.S.C. §§ 1331 and 1338.

4.      NST Global submits to personal jurisdiction in this District because its principal place of business is located in this district.

5.      Venue is proper in this District under 28 U.S.C. §§ 1391(b), (c), and 1400.

## FACTS COMMON TO ALL COUNTS

6.      Mr. Alex Bosco is the sole named inventor of United States Patent Application No. 14/518,140 (the "'140 Application"), filed October 20, 2014, and issuing May 31, 2016, as U.S. Pat. No. 9,354,021 (the "'021 Patent"), U.S. Design Patent No. 706,896 (the "'D896 Patent"), U.S. Patent No. 8,869,444 (the "'444 Patent"), U.S. Patent Application No. 14/169,523 (the "'523 Application"), the Parent Applications and D728,724 (the "'D724 Patent") (collectively, the "Patents-at-Issue").

7.      The '140 Application is a continuation of U.S. Application No. 14/169,523, filed on January 31, 2014, now abandoned, which is a continuation of U.S. Application No.

13/775,760, filed on February 25, 2013, now U.S. Patent No. 8,868,444, which is the nonprovisional of U.S. Provisional Application No. 61/730,077, filed on November 27, 2012 (the "Parent Applications").

8.      Upon information and belief, Mr. Alessandro Roberto Bosco did not conceive, and is not the sole inventor, of the inventions or designs claimed in the Patents-at-Issue but, instead, merely had a general idea of an unrealized result to be accomplished, without conception, and with no means of accomplishing that result.

9.      Mr. Bosco is not skilled in the art or science of prototyping or design.

10.     Mr. Bosco was unable to and did not conceive of the inventions claimed in the Patents-at-Issue or reduce his idea to practice because he lacked the skill and expertise to conceive, design and develop the inventions.

11.     Mr. Bosco engaged Mr. Jason Scurlock and Mr. Wayne Emond to conceive, develop and reduce to practice a forearm brace for use with a firearm (the "Brace Prototypes").

12.     Upon information and belief, Mr. Scurlock and/or Mr. Emond, independently and through collaboration formed a definite and permanent idea of the complete and operable inventions and ornamental designs sufficient to establish conception and reduction to practice of each of the Brace Prototypes and inventions described and claimed in at least one claim of each of the Patents-at-Issue.

13.     Upon information and belief, Mr. Scurlock and/or Mr. Emond, reduced to practice the definite and permanent idea of the complete and operable inventions and designs sufficient to establish conception of each of the Brace Prototypes and inventions claimed by

17

the Patents-at-Issue.

14.    Upon information and belief, Mr. Scurlock and/or Mr. Emond conceived of the ornamental design and functionality of the Brace Prototypes and inventions claimed by the Patents-at-Issue outside of the presence, direction, or control of Mr. Bosco.

15.    Upon information and belief, Mr. Scurlock and Mr. Emond conceived the Brace Prototypes, which became the inventions claimed in the Patents-at-Issue.

16.    Neither Mr. Scurlock nor Mr. Emond were ever employees of NST Global.

17.    Neither Mr. Scurlock nor Mr. Emond were ever employees of Mr. Bosco.

18.    Upon information and belief, both Mr. Scurlock and Mr. Emond each contributed in a significant manner to the conception of the inventions claimed in at least one claim of each of the Patents-at-Issue.

19.    Upon information and belief, both Mr. Scurlock and Mr. Emond each contributed in a significant manner to the arrangement of elements of the ornamental design and represented in the figures and claims of each of the Patents-at-Issue.

20.    Upon information and belief, Mr. Scurlock and Mr. Emond each contributed in some significant manner to the conception and reduction to practice of the inventions claimed in at least one claim of each of the Patents-at-Issue.

21.    Upon information and belief, Mr. Scurlock and/or Mr. Emond each made contributions to the claimed inventions that are not insignificant in quality, when those contributions are measured against the dimension of the full invention claimed in at least one claim of each of the Patents-at-Issue.

22.    Upon information and belief, Mr. Scurlock and Mr. Emond, independently or in

collaboration, determined the configuration of design elements, ornamental appearance, utility and functionality of the inventions claimed in the Patents-at-Issue.

23.     Upon information and belief, contemporaneously and in temporal proximity to their conception and inventive efforts, Mr. Scurlock and Mr. Emond created computer assisted designs, drawings, physical prototypes and otherwise contributed to the design and development of the Brace Prototypes and inventions(s) claimed in the Patents-at-Issue.

24.     Upon information and belief, Mr. Scurlock and Mr. Emond designed, sculpted, and fabricated the Brace Prototypes.

25.     Upon information and belief, Mr. Scurlock and Mr. Emond designed, sculpted, and fabricated the molds used to cast the Brace Prototypes.

26.     Upon information and belief, Mr. Scurlock and Mr. Emond each performed their design, sculpting, and fabrication work of the Brace Prototypes outside the presence, direction, or control of Mr. Bosco.

27.     Upon information and belief, Mr. Scurlock and/or Mr. Emond collaborated in conceiving the design elements, ornamental appearance, utility and functionality of the Brace Prototypes and inventions described and claimed in the Patents-at-Issue.

28.     Upon information and belief, Mr. Scurlock and/or Mr. Emond invented new, original and ornamental designs, design elements, ornamental appearance, utility and functionality for the manufacture of the inventions claimed and represented in the ornamental subject matter of the figures and claims of each of the Patents-at-Issue.

29.     Mr. Scurlock and/or Mr. Emond conceived of, invented, designed, sculpted, and fabricated the Brace Prototypes which became the inventions described and claimed in the

Patents-at-Issue.

30.     Upon information and belief, Mr. Scurlock and Mr. Emond never assigned

inventorship or ownership rights in the Patents-at-Issue or Brace Prototypes to NST Global.

31.     Upon information and belief, Mr. Scurlock and Mr. Emond never assigned

inventorship or ownership rights in the Patents-at-Issue or Brace Prototypes to Mr. Bosco.

32.     Mr. Bosco and NST Global applied for patents for the Brace Prototypes without Mr.

Scurlock's and Mr. Emond's knowledge.

33.     Mr. Bosco and NST Global filed patent applications leading to the Patents-at-Issue.

34.     The sole inventor identified in the Patents-at-Issue is Mr. Bosco.

35.     Upon information and belief, Mr. Emond and/or Mr. Scurlock are inventors or, at

least, co-inventors, of the inventions described and claimed in the Patents-at-Issue.

36.     Upon information and belief, Mr. Bosco knew that Mr. Scurlock and/or Mr. Emond

were the true inventors or, at least, co-inventors of the inventions described and claimed by

the Patents-at-Issue at the time of filing of the Patents-at-Issue.

37.     Upon information and belief, Mr. Bosco and/or NST Global intentionally omitted

Mr. Scurlock and/or Mr. Emond as the true inventors or, at least, co-inventors of each of the

Patents-at-Issue for the purpose of deceiving the United States Patent and Trademark

Office.

38.     The deposition of Mr. Emond was taken on November 18, 2015.

39.     Mr. Emond testified under oath in his November 18, 2015 deposition that, in

collaboration with Mr. Scurlock, he conceived of, designed, reduced to practice and

invented the Brace Prototypes and the inventions described and claimed in the Patents-at-

Issue. *See* Transcript of the Deposition of Wayne Emond and Exhibits, Nov. 18, 2015

("Emond Depo.") (representative excerpts the Emond Depo. have been attached hereto as

"Exhibit A"). *See* Exhibit A.

40.     Mr. Emond testified under oath that he designed, sculpted, and fabricated the Brace

Prototypes that became the ornamental designs claimed in the 'D896 and 'D724 Patents and

the inventions described and claimed in each of the Patents-at-Issue. *See e.g.,* Exhibit A at

45: 13 – 25 and 112:9 – 15.

41.     Mr. Emond testified under oath that he conceived of the shape of at least one of the

Brace Prototypes. *See e.g.,* Exhibit A at 56.

42.     Mr. Emond testified under oath that Mr. Emond and Mr. Scurlock collaborated in

conceiving the designs, utility and functionality of the Brace Prototypes that became the

invention(s) claimed in the Patents-at-Issue. *See e.g.,* Exhibit A at 83.

43.     Mr. Emond testified under oath that Mr. Scurlock contributed to the conception of,

and was a co-designer of, the Brace Prototypes that became the ornamental designs claimed

in the 'D896 and 'D724 Patents and the inventions claimed in the Patents-at-Issue. *See*

Exhibit A.

44.     For valid consideration, Mr. Emond executed an assignment dated December 10,

2015, transferring Mr. Emond's inventorship and ownership rights to Defendant Ewer

Enterprises LLC for the inventions claimed in the Patents-at-Issue (the "Emond

Assignment") (the Emond Assignment has been attached hereto as "Exhibit B").

45.     For valid consideration, Defendant Ewer Enterprises LLC executed an assignment

dated August 31, 2016, transferring Mr. Emond's inventorship and ownership rights to

KAK Industry, LLC (the "EE LLC/Emond Assignment") (the EE LLC/Emond Assignment

has been attached hereto as "Exhibit C").

46.     The Emond Assignment and EE LLC/Emond Assignment, taken together, assign

Mr. Emond's inventorship and ownership rights for, at least, the inventions described and

claimed in the Patents-at-Issue to KAK Industry, LLC.

47.     For valid consideration, Mr. Scurlock executed an assignment dated November 25,

2015, transferring Mr. Scurlock's inventorship and ownership rights, whereby Mr. Scurlock

assigned all of his past, present, and future right, title and interest in, at least, the 'D896

Patent and Brace Prototypes to KAK Industry ("Scurlock Assignment") (the Scurlock

Assignment has been attached hereto as "Exhibit D").  *See* Exhibit D.

48.     For valid consideration, Mr. Scurlock executed an assignment dated February 10,

2016, transferring Mr. Scurlock's inventorship and ownership rights, whereby Mr. Scurlock

assigned all of his past, present, and future right, title and interest in, at least, the Brace

Prototypes and Patents-at-Issue to KAK Industry ("Amended Scurlock Assignment") (the

Amended Scurlock Assignment has been attached hereto as "Exhibit E").  *See* Exhibit E.

49.     The Scurlock Assignment Agreements assigned to KAK Industry, LLC any

reissues, reexaminations, extensions, continuations, continuing prosecution application,

requests for continuing examinations, divisions, and registrations of any of the the Brace

Prototypes and Patents-at-Issue.

50.     The Scurlock Assignment Agreements assigned to KAK Industry, LLC *inter alia*

the rights to apply in any or all countries of the world for future patents, certificates of

Invention, utility models, industrial design protections, design patent protections, or other

future governmental grants or issuances of any type related to, at least, the Brace Prototypes and Patents-at-Issue.

51.     The Scurlock Assignment Agreements also assigned to KAK Industry, LLC the right to bring any cause(s) of action and enforcement rights of any kind under, or on account of, any rights held by Mr. Scurlock in the Patents-at-Issue and/or Brace Prototypes including without limitation, all causes of action, enforcement rights and all other rights to seek and obtain any other remedies of any kind for past, current and future infringement, and an action seeking correction of inventorship pursuant to 35 U.S.C. §§ 101, 102, 103, 116 and/or 256.

52.     The Scurlock Assignment Agreements establish KAK Industry as the successor-in-interest to all of Mr. Scurlock's rights, including inventorship and ownership rights, in and to the Brace Prototypes and Patents-at-Issue.

53.     The deposition of Mr. Scurlock was taken on May 6, 2016.  *See* Transcript of the Deposition of Jason Scurlock, May 6, 2016 ("Scurlock Depo.") (representative excerpts of the Scurlock Depo. have been attached hereto as "Exhibit F").

54.     The continued deposition of Mr. Scurlock was taken on October 21, 2016. *See* Transcript of the Deposition of Jason Scurlock, October 21, 2016 ("Continued Scurlock Depo.")(representative excerpts of the Continued Scurlock Depo. have been attached hereto as "Exhibit G")(collectively, the Scurlock Depo and Continued Scurlock Depo are referred to herein as the "Scurlock Depos").

55.     Mr. Scurlock testified under oath in his May 6, 2016 and October 21, 2016 depositions, that he considered himself to be an inventor of the inventions described and

claimed in each of the Patents-at-Issue. *See* Continued Scurlock Depo. at 365-383; 526-538.

56.     Mr. Scurlock testified under oath that, in collaboration with Mr. Emond, he conceived of, designed, reduced to practice and invented the Brace Prototypes and at least one element of one claim of each of the inventions described and claimed in the Patents-at-Issue.  *See See* Scurlock Depo. at 58; 83-85; 102-103; 114-117; 123 & 127; *see also* Continued Scurlock Depo. at 365-383; 526-538.

57.     Mr. Scurlock testified under oath at his May 6, 2016 deposition that he collaborated with Mr. Emond in conceiving, designing, sculpting, and fabricating the Brace Prototypes that became the ornamental designs claimed in the 'D896 and 'D724 Patents and inventions described and claimed in each of the Patents-at-Issue.  *See* Scurlock Depo. at 58; 83-85; 102-103; 114-117; 123 & 127.

58.     Mr. Scurlock testified under oath at his May 6, 2016 deposition that, in collaboration with Mr. Emond, he conceived of the shape and ornamental design of numerous elements of each of the Brace Prototypes and inventions described and claimed in the Patents-at-Issue.  *Id.*

59.     Mr. Scurlock testified under oath at his October 21, 2016 deposition that he collaborated with Mr. Emond, outside of the presence of Mr. Bosco, to conceive of and reduce to practice the ornamental designs, utility and functionality of the Brace Prototypes that became the invention(s) described and claimed in the Patents-at-Issue.  *See* Continued Scurlock Depo., at 365-383; 526-538; *see also* Scurlock Depo., at 58; 83-85; 102-103; 114-117; 123 & 127.

60.     Mr. Scurlock testified under oath at his October 21, 2016 deposition that Mr. Emond

contributed to the conception of, and was a co-designer of, the Brace Prototypes that became the ornamental designs claimed in the 'D896 and 'D724 Patents and the inventions claimed in the Patents-at-Issue.  *Id.*

61.     Upon information and belief, Mr. Scurlock is an inventor or, at least, a co-inventor, of at least one element of, at least, one claim of each of the Patents-at-Issue.

62.     An actual and justiciable controversy exists between KAK Industry and NST Global, by virtue of the allegations set forth in NST Global's Complaint concerning alleged infringement of the '021 Patent and declaratory relief regarding the ownership of the Patents-at-Issue, including the '021 Patent.

63.     An actual and justiciable controversy exists between KAK Industry and NST Global, by virtue of the allegations set forth in NST Global's Complaint concerning alleged infringement of the 'D896 Patent and declaratory relief regarding the ownership of the Patents-at-Issue, including the 'D896 Patent.

64.     Plaintiff has not corrected the inventorship of the Patents-at-Issue by adding Mr. Scurlock and/or Mr. Emond as the true inventors or co-inventors of the Patents-at-Issue.

65.     Upon information and belief, Plaintiff and derives royalty income therefrom.

66.     Upon information and belief, Plaintiff is the alleged assignee of the Patents-at-Issue and derives royalty from the licensing of the Patents-at-Issue. Plaintiff thus has an economic stake in the validity and enforceability of the Patents-at-Issue and hence in the correct inventorship designations on the Patents-at-Issue.

67.     KAK is an assignee of the inventorship and ownership rights of Mr. Scurlock and Mr. Emond in the Patents-in-Suit.

25

68.     The correction of inventorship of each of the Patents-at-Issue will allow KAK Industry to proceed to license, manufacture, use, and sell the inventions under the Patents-at-Issue.  KAK Industry, LLC thus has an economic and equitable stake in correcting the inventorship designations on the Patents-at-Issue.

69.     There is a public interest of assuring correct inventorship designations on patents, including the Patents-at-Issue.

70.     KAK has been injured and damaged by NST Global's filing of the Complaint.

**FIRST COUNTERCLAIM**

*(Correction of Inventorship of the '021 Patent)*

71.     KAK Industry incorporates and re-alleges by this reference the allegations of paragraphs 1–70 above.

72.     The cause of action in this count arises under 35 U.S.C. §§ 101, 102(f) & 256 seeking to correct the '021 Patent to add Mr. Scurlock and Mr. Emond as co-inventors of the '021 Patent.

73.     NST Global has alleged in its Complaint that it is the sole and rightful owner of the '021 Patent.

74.     NST Global has alleged in its Complaint that Alessandro Bosco is the sole inventor of the '021 Patent.

75.     Upon information and belief, Mr. Scurlock and Mr. Emond made significant and material contributions to the conception, design and reduction to practice of the invention claimed in at least one claim of each of the Patents-at-Issue, including the '021 Patent.

76.     Upon information and belief, Mr. Scurlock and Mr. Emond conceived of at least one

element of the invention claimed in at least one claim of the '021 Patent.

77.     Upon information and belief, Mr. Scurlock and Mr. Emond conceived of at least one element of each of the inventions claimed in at least one claim of each of the Patents-at-Issue.

78.     Upon information and belief, Based on these significant and material contributions, Mr. Scurlock and Mr. Emond are joint inventors of the invention described and claimed in at least one claim the Patents-at-Issue, including the '021 Patent.

79.     The sole inventor identified in the '021 Patent is Mr. Alessandro Bosco.

80.     The omission of Mr. Scurlock and Mr. Emond as inventors of the '021 Patent was erroneous.

81.     The failure to name Mr. Scurlock and Wayne Emond as inventors of '021 Patent did not result from any deceptive intent on Mr. Scurlock's and Mr. Emond's part.

82.     Mr. Scurlock and Mr. Emond were excluded from the patent application process relating to the Patents-at-Issue by Mr. Bosco.

83.     Mr. Scurlock assigned all of his past, present, and future right, title and interest in the '021 Patent to KAK Industry.

84.     KAK Industry is the assignee of all of Mr. Emond's past, present, and future right, title and interest in the '021 Patent.

        Accordingly, an actual, live and justiciable controversy exists between KAK Industry and NST Global, as to the inventorship of the '021 Patent, over which this Court has jurisdiction and may make a declaration regarding the inventorship, ownership and other rights and legal relations and obligations of the Parties with the respect to the '021

Patent.  Wherefore, KAK Industry requests a declaratory judgment that Mr. Scurlock and

Wayne Emond are co-inventors of the invention(s) described and claimed in the '021 Patent

and an order pursuant to 35 U.S.C. § 256(b) ordering the Director of the United States

Patent and Trademark Office to issue a certificate correcting the inventorship of the '021

Patent and naming Mr. Scurlock and Mr. Emond as co-inventors of the '021 Patent and,

additionally, instructing Plaintiff to take appropriate action to correct the inventorship

designation on any foreign counterparts or patent applications of the Patents-at-Issue;

together with costs and reasonable attorneys' fees; and all other such further relief as the

Court deems just and proper.

## SECOND COUNTERCLAIM

*(Declaratory Judgment of Non-Infringement of the '021 Patent)*

85.     KAK Industry incorporates and re-alleges by this reference the allegations of

paragraphs 1-70.

86.     As shown in the records of the Patent Office, NST Global is the record owner of the

'021 Patent.

87.     NST Global alleges that KAK Industry infringes the '021 Patent and therefore an

actual controversy exists.

88.     KAK Industry's product accused of infringement does not infringe and has not

infringed the '021 Patent, either directly, contributorily, or by inducement because KAK

Industry, either alone or in combination with others does not make, use, or sell a product

that infringes the '021 Patent.

89.     NST Global has suffered no damages because KAK Industry's product accused of

infringement does not infringe the '021 Patent.

Wherefore, KAK Industry demands a declaratory judgment that Defendant KAK

Industry's product accused of infringement does not infringe the '021 Patent; together with

costs and reasonable attorneys' fees; and all other such further relief as the Court deems just

and proper.

### THIRD COUNTERCLAIM

*(Correction of Inventorship of the 'D896 Patent)*

90.     KAK Industry incorporates and re-alleges by this reference the allegations of

paragraphs 1–70 above.

91.     The cause of action in this count arises under 35 U.S.C. § 256 seeking to correct the

'D896 Patent to add Mr. Scurlock and Mr. Emond as co-inventors of the 'D896 Patent.

92.     NST Global has sought declaratory relief that it is the sole and rightful owner of the

'D896 Patent.

93.     Upon information and belief, Mr. Scurlock and Mr. Emond made significant and

material contributions to the conception, design and reduction to practice of the invention

claimed in at least one claim of the 'D896 Patent.

94.     Mr. Scurlock and Mr. Emond conceived of the arrangement of elements of the

ornamental subject matter claimed in at least one claim of the 'D896 Patent.

95.     Mr. Scurlock and Mr. Emond conceived of the ornamental appearance claimed by

the 'D896 Patent.

96.    Based on these significant and material contributions, Mr. Scurlock and Mr. Emond are joint inventors of the invention described and claimed in at least one claim the 'D896 Patent.

97.    The sole inventor identified in the 'D896 Patent is Mr. Alex Bosco.

98.    The omission of Mr. Scurlock and Mr. Emond as inventors of the 'D896 Patent was erroneous.

99.    The failure to name Mr. Scurlock and Wayne Emond as inventors of 'D896 Patent did not result from any deceptive intent on Mr. Scurlock's and Mr. Emond's part.  Mr. Scurlock and Mr. Emond were excluded from the patent application process by Mr. Bosco.

100.    Mr. Scurlock assigned all of his past, present, and future right, title and interest in the 'D896 Patent to KAK Industry.

101.    KAK Industry is the assignee of all of Mr. Emond's past, present, and future right, title and interest in the 'D896 Patent.

102.    Accordingly, an actual, live and justiciable controversy exists between KAK Industry and NST Global, as to the inventorship of the 'D896 Patent, over which this Court has jurisdiction and may make a declaration regarding the rights and legal relations of the Parties with the respect to the 'D896 Patent.

Wherefore, KAK Industry requests a declaratory judgment that Mr. Scurlock and Wayne Emond are co-inventors of the invention(s) described and claimed in the 'D896 Patent and an order pursuant to 35 U.S.C. § 256(b) ordering the Director of the United States Patent and Trademark Office to issue a certificate correcting the inventorship of the 'D896 Patent and naming Mr. Scurlock and Mr. Emond as co-inventors of the 'D896 Patent

and, additionally, instructing Plaintiff to take appropriate action to correct the inventorship

designation on any foreign counterparts or patent applications of the Patents-at-Issue;

together with costs and reasonable attorneys' fees; and all other such further relief as the

Court deems just and proper.

FOURTH COUNTERCLAIM

*(Correction of Inventorship of 'D724 Patent)*

103.   KAK Industry incorporates and re-alleges by this reference the allegations of

paragraphs 1–70 above.

104.   The cause of action in this count arises under 35 U.S.C. § 256 seeking to correct the

'D724 Patent to add Mr. Scurlock and Mr. Emond as co-inventors of the 'D724 Patent.

105.   NST Global has sought declaratory relief that it is the sole and rightful owner of the

'D724 Patent.

106.   Upon information and belief, Mr. Scurlock and Mr. Emond made significant and

material contributions to the conception and reduction to practice of the invention claimed

in at least one claim of the 'D724 Patent.

107.   Mr. Scurlock and Mr. Emond conceived of arrangement of elements of the

ornamental subject matter claimed in at least one claim the 'D724 Patent.

108.   Mr. Scurlock and Mr. Emond conceived of the arrangement of elements of the

ornamental subject matter claimed in at least one claim of the 'D724 Patent.

109.   Mr. Scurlock and Mr. Emond conceived of the ornamental appearance claimed in at

least one claim of the 'D724 Patent.

110.   Based on these significant and material contributions, Mr. Scurlock and Mr. Emond

31

are joint inventors of the invention described and claimed in at least one claim the 'D724 Patent.

111.    The sole inventor identified in the 'D724 Patent is Mr. Alex Bosco.

112.    The omissions of Mr. Scurlock and Mr. Emond inventors of the 'D724 Patent was erroneous.

113.    The failure to name Mr. Scurlock and Wayne Emond inventors of 'D724 Patent did not result from any deceptive intent on Mr. Scurlock's or Mr. Emond's part.  Mr. Scurlock and Mr. Emond were excluded from the patent application process.

114.    Mr. Scurlock assigned all of his past, present, and future right, title and interest in the 'D724 Patent to KAK Industry.

115.    KAK Industry is the assignee of all of Mr. Emond's past, present, and future right, title and interest in the 'D724 Patent.

116.    Accordingly, an actual, live and justiciable controversy exists between KAK Industry and NST Global, as to the inventorship of the 'D724 Patent, over which this Court has jurisdiction and may make a declaration regarding the rights and legal relations of the Parties with the respect to the 'D724 Patent.

Wherefore, KAK Industry requests a declaratory judgment that Mr. Scurlock and Wayne Emond are co-inventors of the invention(s) described and claimed in the 'D724 Patent and an order pursuant to 35 U.S.C. § 256(b) ordering the Director of the United States Patent and Trademark Office to issue a certificate correcting the inventorship of the 'D724 Patent and naming Mr. Scurlock and Mr. Emond as co-inventors of the 'D724 Patent and, additionally, instructing Plaintiff to take appropriate action to correct the inventorship

designation on any foreign counterparts or patent applications of the Patents-at-Issue; together with costs and reasonable attorneys' fees; and all other such further relief as the Court deems just and proper.

### FIFTH COUNTERCLAIM

*(Correction of Inventorship of '444 Patent)*

117.    KAK Industry incorporates and re-alleges by this reference the allegations of paragraphs 1–70 above.

118.    The cause of action in this count arises under 35 U.S.C. § 256 seeking to correct the '444 Patent to add Mr. Scurlock and Mr. Emond as co-inventors of the '444 Patent.

119.    NST Global has sought declaratory relief that it is the sole and rightful owner of the '444 Patent.

120.    Upon information and belief, Mr. Scurlock and Mr. Emond made significant and material contributions to the conception and reduction to practice of the invention claimed in at least one claim of the 'D444 Patent.

121.    Based on these significant and material contributions, Mr. Scurlock and Mr. Emond are joint inventors of the invention described and claimed in at least one claim the '444 Patent.

122.    The sole inventor identified in the '444 Patent is Mr. Alex Bosco.

123.    The omissions of Mr. Scurlock and Mr. Emond inventors of the '444 Patent was erroneous.

124.    The failure to name Mr. Scurlock and Wayne Emond inventors of '444 Patent did not result from any deceptive intent on Mr. Scurlock's or Mr. Emond's part.  Mr. Scurlock

33

and Mr. Emond were excluded from the patent application process.

125.   Mr. Scurlock assigned all of his past, present, and future right, title and interest in the '444 Patent to KAK Industry.

126.   KAK Industry is the assignee of all of Mr. Emond's past, present, and future right, title and interest in the '444 Patent.

127.   Accordingly, an actual, live and justiciable controversy exists between KAK Industry and NST Global, as to the inventorship of the '444 Patent, over which this Court has jurisdiction and may make a declaration regarding the rights and legal relations of the Parties with the respect to the '444 Patent.

Wherefore, KAK Industry requests a declaratory judgment that Mr. Scurlock and Wayne Emond are co-inventors of the invention(s) described and claimed in the '444 Patent and an order pursuant to 35 U.S.C. § 256(b) ordering the Director of the United States Patent and Trademark Office to issue a certificate correcting the inventorship of the '444 Patent and naming Mr. Scurlock and Mr. Emond as co-inventors of the '444 Patent and, additionally, instructing Plaintiff to take appropriate action to correct the inventorship designation on any foreign counterparts or patent applications of the Patents-at-Issue; together with costs and reasonable attorneys' fees; and all other such further relief as the Court deems just and proper.

### SIXTH COUNTERCLAIM

*(Correction of Inventorship of '523 Application)*

128.   KAK Industry incorporates and re-alleges by this reference the allegations of

34

paragraphs 1–70 above.

129.    NST Global has sought declaratory relief that it is the sole and rightful owner of the '523 Application.

130.    Upon information and belief, Mr. Scurlock and Mr. Emond made significant and material contributions to the conception and reduction to practice of the invention claimed in at least one claim of the '523 Application.

131.    Based on these significant and material contributions, Mr. Scurlock and Mr. Emond are joint inventors of the invention described and claimed in at least one claim the '523 Application.

132.    The sole inventor identified in the '523 Application is Mr. Alex Bosco.

133.    The omissions of Mr. Scurlock and Mr. Emond inventors of the '523 Application was erroneous.

134.    The failure to name Mr. Scurlock and Mr. Emond inventors of '523 Application did not result from any deceptive intent on Mr. Scurlock's or Mr. Emond's part.  Mr. Scurlock and Mr. Emond were excluded from the patent application process.

135.    Mr. Scurlock assigned all of his past, present, and future right, title and interest in the '523 Application to KAK Industry.

136.    KAK Industry is the assignee of all of Mr. Emond's past, present, and future right, title and interest in the '523 Application.

137.    KAK Industry contends that Mr. Scurlock and Mr. Emond are joint inventors of the inventions described and claimed in the '523 Application.

138.    Accordingly, an actual, live and justiciable controversy exists between KAK

Industry and NST Global, as to the inventorship of the '523 Application, over which this Court has jurisdiction and may make a declaration regarding the rights and legal relations of the Parties with the respect to the '523 Application.

Wherefore, KAK Industry requests a declaratory judgment that Mr. Scurlock and Wayne Emond are co-inventors of the invention(s) described and claimed in the '523 Application and an order pursuant to 35 U.S.C. § 256(b) ordering the Director of the United States Patent and Trademark Office to issue a certificate correcting the inventorship of the '523 Application and naming Mr. Scurlock and Mr. Emond as co-inventors of the '523 Application and, additionally, instructing Plaintiff to take appropriate action to correct the inventorship designation on any foreign counterparts or patent applications of the Patents-at-Issue; together with costs and reasonable attorneys' fees; and all other such further relief as the Court deems just and proper.

### SEVENTH COUNTERCLAIM

*(Correction of Inventorship of '140 Application)*

139.    KAK Industry incorporates and re-alleges by this reference the allegations of paragraphs 1–70 above.

140.    NST Global has sought declaratory relief that it is the sole and rightful owner of the '140 Application.

141.    Upon information and belief, Mr. Scurlock and Mr. Emond made significant and material contributions to the conception and reduction to practice of the invention claimed in at least one claim of the '140 Application.

36

142.     Based on these significant and material contributions, Mr. Scurlock and Mr. Emond are joint inventors of the invention described and claimed in at least one claim the '140 Application.

143.     The sole inventor identified in the '140 Application is Mr. Alex Bosco.

144.     The omissions of Mr. Scurlock and Mr. Emond inventors of the '140 Application was erroneous.

145.     The failure to name Mr. Scurlock and Mr. Emond inventors of '140 Application did not result from any deceptive intent on Mr. Scurlock's or Mr. Emond's part.  Mr. Scurlock and Mr. Emond were excluded from the patent application process.

146.     Mr. Scurlock assigned all of his past, present, and future right, title and interest in the '140 Application to KAK Industry.

147.     KAK Industry is the assignee of all of Mr. Emond's past, present, and future right, title and interest in the '140 Application.

148.     KAK Industry contends that Mr. Scurlock and Mr. Emond are joint inventors of the inventions described and claimed in the '140 Application.

149.     Accordingly, an actual, live and justiciable controversy exists between KAK Industry and NST Global, as to the inventorship of the '140 Application, over which this Court has jurisdiction and may make a declaration regarding the rights and legal relations of the Parties with the respect to the '140 Application.

Wherefore, KAK Industry demands a declaratory judgment that Mr. Scurlock and Wayne Emond are inventors of the invention described and claimed in the '140 Application.

**EIGHTH COUNTERCLAIM**

*(Declaratory Judgment of Non-Infringement of the 'D896 Patent)*

150.    KAK Industry incorporates and re-alleges by this reference the allegations of paragraphs 1-70 above.

151.    As shown in the records of the Patent Office, NST Global is the record owner of the 'D896 Patent.

152.    NST Global alleges that KAK Industry infringes the 'D896 Patent and therefore an actual controversy exists.

153.    KAK Industry's product accused of infringement does not infringe and has not infringed the 'D896 Patent, either directly, contributorily, or by inducement because KAK Industry, either alone or in combination with others does not make, use, or sell a product that infringes the 'D896 Patent.

154.    NST Global has suffered no damages because KAK Industry's product accused of infringement does not infringe the 'D896 Patent.

155.    Wherefore, KAK Industry demands a declaratory judgment that Defendant KAK Industry's product accused of infringement does not infringe the 'D896 Patent.


**PRAYER FOR RELIEF**

WHEREFORE, KAK Industry prays for judgment in its favor and against NST Global as follows:

1.   Declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 that KAK Industry has not and does not infringe the '021 Patent;

2. Declaratory judgment that Jason Scurlock and/or Wayne Emond are inventors, or co-inventors, of the inventions described and claimed in the '021 Patent;

3. Declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 that KAK Industry has not and does not infringe the 'D896 Patent;

4. Declaratory judgment that Jason Scurlock and/or Wayne Emond are inventors, or co-inventors, of the inventions described and claimed in the 'D896 Patent;

5. Declaratory judgment that Jason Scurlock and/or Wayne Emond are inventors, or co-inventors, of the inventions described and claimed in the 'D724 Patent;

6. Declaratory judgment that Jason Scurlock and/or Wayne Emond are inventors, or co-inventors, of the inventions described and claimed in the '444 Patent;

7. Declaratory judgment that Jason Scurlock and/or Wayne Emond are inventors, or co-inventors, of the inventions described and claimed in the '523 Application;

8. Declaratory judgment that Jason Scurlock and/or Wayne Emond are inventors, or co-inventors, of the inventions described and claimed in the '140 Application;

9. An order pursuant to 35 U.S.C. §§ 256(b) ordering the Director of the United States Patent and Trademark Office to issue a certificate correcting the inventorship of the Patents-at-Issue and naming Mr. Scurlock and/or Mr. Emond as inventor(s) or co-inventor(s) of each of the Patents-at-Issue;

10. An order directing Plaintiff to take appropriate action to correct the inventorship designation on any foreign counterparts or patent applications of each of the Patents-at-Issue naming Mr. Scurlock and/or Mr. Emond as inventor(s) or co-inventor(s) of each of the Patents-at-Issue;

11. An order and judgment denying NST Global preliminary and permanent injunctions;

12. A judgment denying NST Global damages;

13. A judgment denying NST Global any and all additional requested relief;

14. KAK Industry recovers from NST Global all costs incurred in this action;

15. KAK Industry be awarded reasonable attorneys' fees for defending this action;

16. KAK Industry be awarded such other and further relief as the Court may deem just and proper; and

**DEMAND FOR JURY TRIAL**

KAK Industry demands a trial by jury of all issues properly triable by a jury.

Dated:  November 7, 2016                                Respectfully submitted,

By: */s/ Joseph R. Sozzani*
　　Alejandro J. Fernandez, Esq.
　　FL. Bar No.: 32221
　　E-mail:  AFernandez@BrinksGilson.com
　　Joseph R. Sozzani, Esq.
　　FL. Bar No. 120297
　　E-Mail: JSozzani@BrinksGilson.com

　　**BRINKS, GILSON & LIONE, P.C.**
　　401 E. Jackson Street, Suite 3500
　　Tampa, FL 33602
　　Telephone No.  312.321.4200
　　Telefacsimile No. 312.321.4299

　　*Counsel for Defendant*
　　*KAK Industry, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 7, 2016, I electronically filed this document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all parties of record.

*/s/ Joseph R. Sozzani*
Joseph R. Sozzani

<u>Service List</u>

Justin P. Miller, Esq.
justin@larsonpatentlaw.com
H. William Larson, Esq.
bill@larsonpatentlaw.com
Nathan P. Suedmeyer, Esq.
nathan@larsonpatentlaw.com
Patrick A. Reid, Esq.
patrick@larsonpatentlaw.com
Larson & Larson, P.A.
11199-69th St. N
Largo, FL 33773-5504

Brittany J. Maxey, Esq.
b.maxey@maxeyiplaw.com
William R. Brees, Esq.
w.brees@maxeyiplaw.com
Maxey Law Offices, PLLC
100 Second Ave S., Ste 401 N
St. Petersburg, FL 33701
Jason Ellison
jellison@elattorneys.com
Brittney Baker
bbaker@elattorneys.com
Ellison Lazenby
200 Central Ave.
20th Floor
St. Petersburg, FL 33701